NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-4156 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-00144-TWR-2 |
| v. | |
| HECTOR TORRES ESPINOZA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted October 8, 2025
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Hector Torres Espinoza appeals his conviction for violating 8 U.S.C. § 1326 by attempting to re-enter the United States after having been previously removed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      "We review de novo whether references to a defendant's silence violate the Fifth Amendment privilege against self-incrimination." *United States v.*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Bushyhead*, 270 F.3d 905, 911 (9th Cir. 2001). In its case-in-chief, the government referred to several statements Espinoza made to officers after they advised him of his *Miranda* rights. He first said, "I mean, it's pretty simple. I mean, I tried coming in illegal and the charges that I'm accepting," then said he did not "see any reason why to keep talking though" or "see the point of, you know, talking." Espinoza argues that these statements are inadmissible under *Bushyhead*, in which we held that statements explaining a defendant's decision to invoke his Fifth Amendment rights are treated as part of the invocation itself and thus cannot be introduced at trial during the prosecution's case-in-chief as evidence of the defendant's guilt. 270 F.3d at 912.

Espinoza's statements do not amount to explanatory refusals because Espinoza did not clearly and unambiguously invoke his right to silence or counsel. *Hurd v. Terhune*, 619 F.3d 1080, 1088–89 (9th Cir. 2010). Unlike the defendant in *Hurd* who unambiguously invoked his right to silence when officers asked him to reenact the shooting by saying "I don't want to do that," "No," and "I can't," *id.*, Espinoza's statements were equivocal. He expressed doubt about the utility of continuing to speak with Officer Nicasio but did not express an unwillingness to talk. Our precedent demands a more definite invocation. *See, e.g.*, *Bushyhead*, 270 F.3d at 912 ("I have nothing to say."); *Jones*, 829 F.3d at 1140 ("I don't want to talk no more."); *Arnold v. Runnels*, 421 F.3d 859, 866 (9th Cir. 2005) ("[I do not]

2                                                                                     23-4156

want to talk on tape."). Because Espinoza did not unambiguously communicate a desire to remain silent or to contact an attorney, the admission of his statements at trial did not violate the Fifth Amendment.

2. "We review de novo the district court's decision on a motion to dismiss an indictment under 8 U.S.C. § 1326 . . . when the motion is based on alleged due process defects in an underlying deportation proceeding." *United States v. Valdivias-Soto*, 112 F.4th 713, 721 (9th Cir. 2024) (citation modified). Section 1326(d)(3) requires both a due process violation during the removal proceedings and resulting prejudice. *Id.* at 722. To establish prejudice, a defendant must show he had a "plausible ground for relief from deportation." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004). Espinoza argues that his due process rights were violated on the basis of ineffective assistance of counsel because his attorney did not pursue a U-visa on his behalf. But this oversight was outside of and unrelated to the fairness or substance of the removal proceeding itself and therefore is not cognizable under § 1326(d)(3). *See Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1051 (9th Cir. 2008) (Due process "simply does not apply to the preparation and filing of a petition that does not relate to the fundamental fairness of an ongoing proceeding.").

Even if we were to assume that Espinoza's ineffective assistance claim did relate to his removal proceedings, Espinoza also has not shown prejudice because

he is not plausibly eligible for relief. *See United States v. Cisneros-Rodriguez*, 813 F.3d 748, 761 (9th Cir. 2015). Because Espinoza has an aggravated-felony conviction for a violent offense, he would have needed to receive a waiver of inadmissibility from the Secretary of Homeland Security to seek a U-visa. *See* 8 U.S.C. § 1182(d)(14). Such waivers are granted "only . . . in extraordinary circumstances," 8 C.F.R. § 212.17(b)(2), when "the Secretary of Homeland Security considers it to be in the public or national interest to do so," 8 U.S.C. § 1182(d)(14). No such extraordinary circumstances are present here. Because Espinoza has not demonstrated a plausible chance of obtaining a U-visa, he cannot satisfy § 1326(d)(3). Accordingly, his motion to dismiss was properly denied.

**AFFIRMED.**